Nott, J.,
concurring:
The only point upon which I differ with my brother Loring is with regard to the effect which he ascribes to the notice of re-entry given by the Secretary of the Navy to the claimants.
In the first place I do not think that the reports of officers in. the Navy Department are admissible in evidence to explain or show the theory upon which the Secretary of the Navy acted. The notice must be construed like any other instrument, and the only facts admissible to explain its terms, if they need explanation, are the legally established facts of the case upon which the parties acted or should have acted.
*312 Ill tbe second place, I do not think the notice should be construed as a notice given outside and irrespective of the contract. In other words, I do not think that the re-entry of the defendants is to be regarded as a legal entry not given by the contract, i. e., as an exercise of their right of eminent domain, and not as an exercise of the right of re-entry given by the express provisions of their agreement. In Bogert’s Case, (2 C. 01s. B., p. 159,) this court held that “the right of eminent domain is the last means for acquiring property to be exercised by a government, or to be resorted to by a court.” Now what are the facts in this case which will compel, a court to say that the government seized upon this property under their right of eminent domain, and did not resort to the reserved right of . re-entry secured by their agreement? There was a contract between the parties that the claimants shoidd have possession of the dock “for their use and benefit for the term of three years” from a clearly expressed and unmistakable point of time— ^.from the date of the reception of said dock by the United States.” Three days after this term had begun to run, the Secretary of the Navy wrote a notice stating that the “ exclusive control” of the dock “ will be taken by the Secretary of the Navy on the 1st of November next.” The contract between the parties provided that the “ control of the dock” might be resumed by “ the Secretary of the Wavy ” by “ six months’ notice being given, in writing, to the parties of the .first part at any time before the expiration of the said term of three years.” There was a notice; it was “in writing;” it was “before the expiration of the said term of three years;” it was by the “ Secretary of the Navy,” and to resume the “ control ” of the dock, using the very word of the contract. As to time, it was at least six months, i: e., it bears date at Washington seven months and eleven days before it was to take effect in California, and it was addressed to the claimants at New York. It is true that between the date of the notice and the time when it was to take effect the period slightly exceeds six months, and it is true that the notice does not, in terms, refer to the contract; but the date does not iinjily the time of service, nor was it necessary that the notice should avow itself to be given under the only agreement which subsisted between the parties. It complied with every condition of the contract, and the claim *313 ants, wben they gave up tbeir clock did so under the contract, and by reason of the notice.
Tiiis involves, I may add, a different effect to be given to the award of the Secretary of the Navy. In this view of the case, it is the precise estimate of damages contemplated by the contract, and upon which the action necessarily rests, and by which both parties agreed to be bound.
In regard to the recoupment of damages upon which the court is divided, I think it proper to add that I have not considered it, for the reason that I do not think it my duty to consider a possible defence in the nature of a cross-action when it has been neither pleaded nor proved on the part of the defendants, and when the cross-demand has never been made by the defendants in or out of court, and is not even suggested in any of their briefs, but on the contrary is first taken by the oral argument of their counsel on the fourth hearing of the case.